**EXHIBIT 1**

# SUMMONS
## (CITACION JUDICIAL)

**CONFORM COPY**

**(ENDORSED)**

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2012 MAY 15  A 10: 25

[illegible clerk stamp]

L. QUACH-MARCELLANA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION; AND, DOES 1-20, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BEHNAM ZAMANIAN,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Santa Clara - Downtown Superior Court
191 N. First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* **1 CV 2 2 4 4 9**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew M. Loker, Esq. (SBN 279939), 2700 N. Main St., Ste. 1000, Santa Ana, CA 92705, 800-400-6808

DATE: **MAY 15 2012**       Clerk, by DAVID H. YAMASAKI, L. QUACH-MARCELLANA, Deputy
*(Fecha)*                    *(Secretario)*                                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Moore Law Group, A Professional Corporation;

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/23/2012

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov


**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew M. Loker, Esq. (SBN 279939)<br>KAZEROUNI LAW GROUP, APC<br>2700 North Main Street, Suite 1000<br>Santa Ana, CA 92705<br>TELEPHONE NO.: 800-400-6808  FAX NO.: 800-520-5523<br>ATTORNEY FOR (Name): Plaintiff, Behnam Zamanian | ENDORSED<br>2012 MAY 15  A 10:25<br>David H. Yamasaki<br>County of Santa Clara, California<br>By _____<br>Deputy Clerk<br>L. QUACH-MARCELLANA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Behnam Zamanian v. The Moore Law Group, APC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 112CV224496<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action (specify): 2 - RFDCPA & FDCPA
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 4/25/12

Matthew M. Loker, Esq.
(TYPE OR PRINT NAME)  ▶ /s/ Matthew M. Loker (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | KAZEROUNI LAW GROUP, APC<br>Abbas Kazerounian, Esq. (SBN: 249203)<br>ak@kazlg.com<br>S. Mohammad Kazerounian, Esq. (SBN: 252835)<br>mike@kazlg.com<br>Assal Assassi, Esq. (SBN: 274249)<br>assal@kazlg.com<br>Matthew M. Loker, Esq. (SBN: 279939)<br>ml@kazlg.com<br>2700 N. Main Street, Ste. 1000<br>Santa Ana, California 92705<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 |
| 9<br>10 | *Attorneys for Plaintiff,*<br>Behnam Zamanian |

(ENDORSED)

2012 MAY 15  A 10: 25

David H. Yamasaki, Chief Executive Officer/Clerk
County of Santa Clara, California
By: _____
Deputy Clerk
L. QUACH-MARCELLANA

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA – DOWNTOWN SUPERIOR COURT LIMITED

| | |
|---|---|
| BEHNAM ZAMANIAN,<br><br>Plaintiff,<br><br>v.<br><br>THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION; AND, DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.: 112CV224492<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32; AND,<br><br>II. THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)<br><br>**JURY TRIAL DEMANDED**<br><br>LIMITED – UNDER $10,000.00 |

///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**  PAGE 1 OF 7

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. BEHNAM ZAMANIAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION ("Defendant"), and DOES 1-20, with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of Santa Clara and in the State of California.

5. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

6. Because Defendants do business within the State of California, personal jurisdiction is established.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

COMPLAINT FOR DAMAGES                                                                 PAGE 2 OF 7

personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

11. Venue is proper.

## PARTIES

12. Plaintiff is a natural person who resides in the City of San Jose, County of Santa Clara, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

16. The true names and capacities, whether individual, corporate (including officers and

directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

17. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. In or about 2010, Plaintiff allegedly incurred financial obligations to the original creditor, CITIBANK, N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt to the original creditor, CITIBANK, N.A. Plaintiff currently take no position as to whether or not this alleged debt was actually owed.

22. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant

1 | for collection.

23. As a result, Plaintiff has received numerous telephone calls per day from Defendant regarding the alleged debt. These telephone calls were "communications" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

24. On April 9 2012, Plaintiff requested in writing via facsimile that Defendant cease and desist further communications with Plaintiff. Thereafter, at 4:55 p.m. on April 9, 2012, Defendant received Plaintiff's written request to cease and desist further communications with Plaintiff.

25. Despite receiving Plaintiff's written request, Defendant initiated a written communication with Plaintiff via letter dated April 11, 2012. Such contact after a cease and desist request was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

26. Through this conduct, Defendant participated in communications with Plaintiff concerning the alleged debt. Consequently, has also violated Cal. Civ. Code § 1788.17. In addition, Defendant violated 15 U.S.C. § 1692c(c).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[Against All Defendants]

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

29. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or

1. willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- any and all other relief that this Court deems just and proper.

Dated: April 26, 2012

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: _____
Matthew M. Loker, Esq.
Attorney for Plaintiff

## TRIAL BY JURY

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 26, 2012

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: _____
Matthew M. Loker, Esq.
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on May 31, 2012, a copy of the foregoing document was served via U.S. Mail on:

Abbas Kazerounian, Esq.
Matthew Loker, Esq.
Kazerouni Law Group, APC
2700 N. Main Street, Ste 1000
Santa Ana, CA 92705

_____
TERRI LAZO